[Civ. No. 2092. Third Appellate District.—January 27, 1921.]

SALLIE C. TURNER, Respondent, v. HERMAN FROST, Appellant.

[1] DEFAULT—JUDGMENT—RIGHT TO MOVE TO OPEN—LACHES. — Upon this appeal from an order refusing to set aside a default and judgment taken against defendant after failure to answer, the record, showing, among other things, that at least nine days before judgment was entered defendant knew that his default had been entered, that he did not move to have the judgment vacated until just before the expiration of the statutory period of six months, that after the entry of the judgment he entered into a written agreement with plaintiff providing for the liquidation of the judgment, at which time property which had been levied upon was released, and that he never at any time expressed any dissatisfaction with the agreed settlement until about five months after the entry of the judgment, which was a few days before he was to make the final payments, showed that the defendant, by his laches, waived all right that he had ever possessed to move to open the default.

APPEAL from an order of the Superior Court of Modoc County refusing to set aside a default. Clarence A. Raker, Judge. Affirmed.

Samuel T. Bush and William Sea, Jr., for Appellant.

N. J. Barry for Respondent.

PREWETT, P. J., *pro tem.*—The appellant brings this appeal from an order of the lower court refusing to set aside a default and judgment taken against him after failure to answer. [1] The motion for the order was based upon the provisions of section 473 of the Code of Civil Procedure and was supported by affidavits. The judgment was entered on March 13, 1919, and this motion was noticed on August 26, 1919, and was so noticed to be heard on September 10, 1919, or about three days before the expiration of the statutory limit of six months. The appellant had notice as early as March 4, 1919, that his default had been entered. This was nine days before the entry of the default judgment. About two days before the entry of the default, the attorney for the appellant telegraphed to the judge of the trial court asking for an order granting additional time within which to answer, though he made no showing whatever in support of such request. The request was denied, though a longer period than the ten days sought actually elapsed before the judgment was entered.

Upon the showing thus far, there is no question that the appellant waived, by his laches, all right that he had ever possessed, to move to open the default. He claims, however, that he was misled by his own attorney. But on July 26th he retained another attorney, who on July 28th, gave notice of his appearance in behalf of the appellant and .substitution was on that day made. The appellant still continued inactive for about one month, when at the last moment he gave notice of his intention to move for an order relieving him from the default. But whatever may be said of the showing made by the appellant—and even if it had been uncontradicted it would have been insufficient—it was entirely overcome by the counter-showing of the respondent. In fact, the showing is so strong and so clear that the appeal of the appellant must be regarded as frivolous.

On June 17th the respondent levied upon a large quantity of property, sufficient, according to the affidavits, to satisfy the judgment of $8,393. On or about April 18, 1919, the appellant was served with a citation to appear and answer as to his property. Failing to obey this citation proceedings in contempt was taken against him, and on June 17th he applied to this court for his discharge on *habeas corpus.* His application being denied, he was released on $1,000 cash bail. On or about June 17th the appellant and the respondent entered into a written agreement reciting the entry of said judgment. The agreement further provided that said appellant should pay $750 in cash on the judgment and should liquidate the entire balance thereof before August 16, 1919. At the same time he pledged various collateral securities as security for the agreed payment. The agreement contained a provision that if the appellant should fail to make the payment as agreed, then the respondent could sell the securities and apply the proceeds toward the satisfaction of said judgment. The appellant then and there paid the initial payment of $750. About one week later said appellant and his attorney appeared in the lower court and stated to the· court that the action had been satisfactorily settled and asked that he be purged of contempt and be permitted to withdraw his $1,000 cash bail. His requests were granted and appellant departed with the $1,000 bail money in his pocket. He never at any time expressed any dissatisfaction with the agreed settlement until about the thirteenth or fourteenth day of August, when he notified the attorney for the respondent that he did not intend to make the balance of the payment.

Upon the entry into the agreement, the property that had been levied upon was released. Under this state of facts the appellant gravely asks this court to set aside his default. A mere recital of the facts is itself an answer to his appeal.

The order denying the motion of appellant to open his default is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1921.